**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JACKSON CASTANEDA PENATE, | No. 11-72843 |
| Petitioner, | Agency No. A200-001-720 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Jackson Castaneda Penate, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Tapia Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013).  We grant the petition for review and remand.

In denying Castaneda Penate's withholding of removal claim, the agency found Castaneda Penate failed to establish past persecution or a fear of future persecution on account of a protected ground.  When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).  Thus, we remand Castaneda Penate's withholding of removal claim to determine the impact, if any, of these decisions.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Further, substantial evidence does not support the BIA's finding that the police provided Castaneda Penate with protection in the last few years.  The record indicates the police beat him, threatened to kill him, and did not provide him with protection after he was released from the hospital.  Thus, we also remand

2                                                                                      11-72843

Castaneda Penate's CAT claim for further proceedings. *See Ventura*, 537 U.S. at 16-18.

In light of our remand, we do not reach Castaneda Penate's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**